IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No: _____

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:08 am, Mar 16, 2026
JEFFREY P. COLWELL, CLERK

**PHILLIP GRIGALANZ,**

Plaintiff,

v.

**UBER TECHNOLOGIES, INC.;**

**EVOLVE BANK & TRUST;** and

**B9, INC.,**

Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Phillip Grigalanz, appearing *pro se*, brings this action against Defendants for violations of the Electronic Fund Transfer Act (EFTA), breach of contract, and negligence, alleging as follows:

### I. PARTIES

1. Plaintiff Phillip Grigalanz is a natural person and a veteran of the United States Navy residing at 1410 Albion St., Denver, CO 80220.
2. Defendant Uber Technologies, Inc. ("Uber") is a Delaware corporation. Service may be made via CT Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112.
3. Defendant Evolve Bank & Trust ("Evolve") is an Arkansas state-chartered bank and a "financial institution" under 15 U.S.C. § 1693a(9). Service: Wade Ruckle, 1506 Market St, Ste C180, Little Rock, AR 72211.
4. Defendant B9, Inc. ("B9") is a Delaware corporation providing financial services in partnership with Evolve. Service: Registered Agents Inc., 7901 4th St N, Ste 300, St. Petersburg, FL 33702.

### II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 15 U.S.C. § 1693m(g). Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) as the events and injuries occurred in Denver, Colorado.

### III. FACTUAL ALLEGATIONS

7. Plaintiff maintains a consumer account with B9, where his monthly income of **$1,435.02** is deposited.

8. Between February 24, 2026, and March 13, 2026, Defendants placed or maintained authorization holds totaling **$310.30** ($200.00 originating from Uber; $110.30 from Walmart).

9. On March 14, 2026, Uber Support confirmed in writing that all relevant authorization holds were released by their system on **March 13, 2026, at 3:17 AM.**

10. Despite this merchant release, as of 12:01 AM on March 16, 2026, Defendants B9 and Evolve have failed to reconcile Plaintiff's ledger, maintaining a "Processing" status on the funds and leaving Plaintiff with an available balance of $0.00.

11. Plaintiff has a documented VA diagnosis of **Mast Cell Activation Syndrome (MCAS)**. The unlawful withholding of these funds—representing nearly 22% of Plaintiff's monthly income—prevents the purchase of life-sustaining medication and specialized nutrition.

12. This financial lockout has triggered a severe medical flare. Defendants were notified of this emergency on March 14, 2026, but refused to expedite the release.

**IV. CLAIMS FOR RELIEF**

13. **COUNT I: Violation of EFTA (15 U.S.C. § 1693).** Defendants failed to make funds available following a merchant release, violating Regulation E requirements for account accuracy.

14. **COUNT II: Negligence.** Defendants breached their duty of care to accurately maintain Plaintiff's balance, specifically after being notified that the delay was causing a life-threatening medical crisis.

15. **COUNT III: Breach of Contract.** Defendants failed to adhere to the Cardholder Agreement regarding the timely release of voided authorizations.

**PRAYER FOR RELIEF**

Plaintiff requests: (a) Immediate release of $310.30; (b) Compensatory damages for medical injury and emotional distress; (c) Statutory damages and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated: March 16, 2026

/s/ Phillip Scott Grigalanz

Phillip Grigalanz

Plaintiff, pro se
1410 Albion St., #6
Denver, CO 80220
269-369-4812
pgrigalanz1@gmail.com